

NUMBER 13-16-00272-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

O. E. INVESTMENTS, LTD., ET AL.,                                    Appellants,

v.

MARJORIE LYNN BRAND FERRELL,
INDIVIDUALLY AND AS SUCCESSOR TRUSTEE
OF THE KATHRYN L. BRAND
REVOCABLE MANAGEMENT TRUST,                                    Appellee.

On appeal from the 275th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellants, "O. E. Investments, Ltd. and Othal E. Brand Jr., ('Plaintiffs') and O. E.

Investments, Ltd., converted and reorganized from O.E. Investments, Inc., Trophy

International, Inc., General Partner of O. E. Investments, Inc. and Othal E. Brand Jr.

('Counter-Defendants')" attemped to perfect an appeal from an "Order on Pending Summary Judgment Motions" signed on April 14, 2016, in cause no. C-0367-13-E in the 275th District Court of Hidalgo County. Upon review of the documents before the Court, it appeared that there was no final, appealable judgment or order. On May 20, 2016, 2011, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. More than ten days have passed and appellants have not responded to the Court's notice or otherwise corrected the defect.

The Hidalgo County Clerk's Office has informed this Court that no final judgment has been rendered in this cause. In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

The Court, having considered the documents on file and appellants' failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
14th day of July, 2016.

2